UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ARTHUR HAYES | CIVIL ACTION |
| VERSUS | NO: 20-2058 |
| DENKA PERFORMANCE ELASTOMER LLC, ET AL | SECTION: "J"(2) |

## ORDER AND REASONS

Before the Court is a *Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 24)** filed by Geostock Sandia, LLC ("Geostock"). Plaintiff, Arthur Hayes, filed an opposition. (Rec. Doc. 25). Geostock filed a reply. (Rec. Doc. 28). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

During the course and scope of his employment as a floor hand for Reliable Production Services, LLC ("Reliable"), Plaintiff was injured by a falling pipe owned or provided by Sunbelt Rentals Industrial Services, LLC ("Sunbelt") at Denka Performance Elastomer, LLC's ("Denka's") plant. Plaintiff subsequently filed suit in state court against Denka and Sunbelt, who removed the suit to this Court. (Rec. Doc. 1). Plaintiff then filed an amended complaint, alleging negligence claims against Geostock, who Plaintiff alleges contracted his employer, Reliable. (Rec. Doc. 19, at p. 2-3). In response to Plaintiff's complaint, Geostock filed the instant motion to dismiss,

arguing that Plaintiff's claim against Geostock is prohibited under the two-contract theory of Louisiana's workers' compensation immunity. (Rec. Doc. 24).

**LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal citations omitted). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory

allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor*, 296 F.3d at 378.

**DISCUSSION**

Geostock argues that it should be treated as a statutory employer under the two-contract theory of Louisiana's workers' compensation immunity. Under Louisiana's two-contract theory, a defendant is entitled to statutory employer protections if: (1) the defendant entered into a contract with a third party; (2) pursuant to that contract, work must be performed; and (3) in order for the defendant to fulfill its contractual obligations to perform the work, the defendant entered into a subcontract for all or part of the work performed. *Allen v. State ex rel. Ernest N. Morial-New Orleans Exhibition Hall Auth.*, 2002-1072 (La. 4/9/03), 842 So. 2d 373, 375.

In this case, Plaintiff's amended complaint alleges that he "was working in the course and scope of his employment as a Floor Hand for his employer Reliable Production Services, LLC, a **subcontractor** of GEOSTOCK SANDIA, LLC, at the DENKA PERFORMANCE ELASTOMER plant." (Rec. Doc. 19, at pp. 2-3). Thus, there is no dispute that Plaintiff's employer, Reliable, was operating as a subcontractor of Geostock at the Denka plant. Since Plaintiff's complaint alleges that Denka contracted with Geostock to perform work, and Geostock subcontracted with Reliable to perform all or part of this work, Plaintiffs' complaint establishes all of the elements of the two-contract defense. Therefore, taking all of Plaintiff's allegations as true, Geostock is entitled to workers' compensation immunity against Plaintiff's

claims because he was injured during the course and scope of the work for which his employer was subcontracted. *See e.g., Beddingfield v. Standard Constr. Co.*, 560 So. 2d 490 (La. App. 1st Cir. 1990); *Albin v. Redstick Constr. Co.*, 509 So. 2d 110 (La. App. 1st Cir. 1987); *Barnhill v. American Well Serv. & Salvage, Inc.*, 432 So. 2d 917 (La. App. 3rd Cir. 1983).

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's *Motion to Dismiss* **(Rec. Doc. 24)** is **GRANTED**. Plaintiff's claim against Geostock Sandia, LLC is hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 2nd day of June, 2021.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE